**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN VANDOLAH, DARIUS WROTEN, and RANDY BENTON,<br><br>Defendants. | No. 1:12-cr-78<br><br>**ORDER** |

This matter comes before the Court on Defendant Benton's Motion in Limine filed on March 25, 2013 [Dkt. No. 71]; the Government's notice to use Rule 404(b) evidence filed on March 28, 2013 [Dkt. No. 77]; and Defendant Brian Vandolah's Motion in Limine filed on April 1, 2013. [Dkt. No. 84]. The Government filed its resistance to Defendant Benton's motion in limine on April 1, 2013. [Dkt. No. 80].

The Government seeks to introduce evidence of Defendant Vandolah's 1997 federal conviction for possession with intent to distribute cocaine base. In his motion in limine, Defendant Vandolah asks that this evidence be excluded. He also asks the Court to exclude any evidence that he or his co-defendants were using marijuana on the day of the alleged offense. Defendant Benton joins Defendant Vandolah's request to exclude any evidence that he or his co-defendants were using marijuana on the day of the alleged offense. He also requests that any evidence of his 2013 state conviction for possession of marijuana, and any evidence relating to photos and videos on his cell phone be excluded. The Government seeks to introduce evidence of Defendant Benton's 2013 conviction, as well as photos and videos that were present on his cell phone at the time he was arrested.

"Evidence of prior acts is admissible if it satisfies four criteria. It must be probative of a material issue other than character." *United States. v. Brumfield*, 686 F.3d 960, 963 (8th Cir. 2012) (citing *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). "The prior act must be similar in kind and reasonably close in time to the crime charged." *Id.* (citing *United States v. Cole*, 537 F.3d 923, 928 (8th Cir. 2008)). "The prosecution must present sufficient evidence from which a jury could find by a preponderance of the evidence that the prior act occurred." *Id.* (*Huddleston*, 485 U.S. at. 690). "And under Rule 403, the probative value of the evidence cannot be substantially outweighed by the danger of unfair prejudice." *Id.*

Defendant Vandolah's 1997 conviction for possession with intent to distribute cocaine base is probative of a relevant, material issue, namely it may go to his knowledge of and intent to distribute crack cocaine found by the police in this case. The prior conviction is similar in kind, and although it is remote in time, it still falls within a time frame many courts find to be admissible. The Government states it will use a certified copy of the conviction to prove the conviction. However, it is likely that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. The Rule 403 determination cannot be made until the Court hears what defense Defendant Vandolah presents at trial. The Court is inclined to exclude Defendant Vandolah's 1997 conviction but will wait until trial to determine whether it should be admitted as 404(b) evidence.[1]

Defendant Benton's 2013 conviction for possession of marijuana is also probative of a relevant, material issue and is admissible to show knowledge and intent. The conviction is similar in kind—the charge in this case is possession with intent to distribute

---

[1] By way of examples, if Defendant Vandolah contends he has never seen crack cocaine, the Court would be inclined to admit the conviction. If the defense is simply that the drugs at issue were not possessed by him, the Court would be inclined to exclude it.

cocaine base and his 2013 conviction was for possession of marijuana—and it is very close in time to the crime charged. The Government will attempt prove that Defendant Benton possessed marijuana on or about August 8, 2012 as well. During his previous arrest for possession of marijuana, the police officer found marijuana packaged in three individual bags and $66. When Defendant Benton was arrested on August 8, 2012, marijuana was also found in the hotel room, and he admitted to smoking it. Unlike Defendant Vandolah's prior conviction, the Court is less concerned there would be a danger of unfair prejudice with the admission of this evidence. Instead, its probative value in showing Defendant Benton's knowledge and intent outweighs any prejudice that may result.

Defendant Benton also asks that any photos found on his cell phone after he was arrested be excluded at trial. He argues that because he does not appear in any of the photos and because there is no evidence that shows the photos were taken on or near the offense date, they would be far more prejudicial than probative. In its resistance, the Government argues that the cell phone pictures and videos were taken on August 7, 2012 and "were made hours before co-defendant McCaskill arrived to Cedar Rapids from Chicago." [Dkt. No. 80, pg. 4]. If these cell phone photos and videos were taken on August 7, 2012, that would make these items highly relevant to the issues at trial rendering them more probative than prejudicial. These items will be admitted at trial if the Government can show that they were made at the time alleged in its resistance.

Evidence that the Defendants smoked marijuana on the day they were arrested is likewise admissible. The Defendants are charged with possession with intent to distribute cocaine base. Evidence of marijuana use is relevant and is more probative than prejudicial.

DATED this 2nd day of April, 2013.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA